FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.
★ DEC 10, 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------- x

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY, and GEICO
CASUALTY CO.,            :

          Plaintiffs,      :

      -against-       :

PREMIER PROFESSIONAL
SERVICES, LLC and PREMIER
HEALTH SERVICES, LLC,      :

          Defendants.     :

--------------------------------------------------- x

MEMORANDUM & ORDER

14-CV-5277 (ENV) (SMG)

VITALIANO, D.J.

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO") initiated this action against numerous corporate healthcare providers, their owners, and several physicians, all of whom, GEICO alleges, submitted or knowingly participated in the submission of fraudulent New York no-fault insurance claims. (Compl., ECF No. 1). By Memorandum and Order, dated September 26, 2015 (the "Order"), this Court granted GEICO's motion for default judgment against defendants Premier Professional Services, LLC and Premier Health Services, LLC (collectively, "Premier"), providing that "[d]amages will be assessed in conjunction with the resolution of all other pending claims in this action." (Mem. & Order at 2, ECF No. 92; *see* Not. of Mot., ECF No. 88). GEICO has since voluntarily dismissed its claims against those remaining defendants.[1] For the reasons stated below, the Court *sua sponte* vacates so much of the Order

---

[1] *See* Order, ECF No. 85; Order, ECF No. 86; Not. of Voluntary Dismissal, ECF No. 93; Not. of Voluntary Dismissal, ECF No. 94; Stip. of Dismissal, ECF No. 95.

granting default judgment against Premier, and respectfully refers this matter to Chief Magistrate Judge Steven M. Gold for an inquest on damages and a report and recommendation as to those damages, including a report as to whether the Complaint has plausibly pleaded claims entitling GEICO to damages against Premier.

Discussion

It is axiomatic that on a motion for default judgment, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). The Second Circuit has recently explained further that "prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).[2] In other words, "[a] default only establishes a defendant's liability if those allegations are sufficient to state a cause of action against

---

[2] *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 117 (2d Cir. 2015) (citing *Finkel*, 577 F.3d at 84); *Danser v. Bagir Int'l*, 571 F. App'x 54, 55 (2d Cir. 2014) (finding that "in light of [the plaintiff's] failure to state a claim, the district court properly declined to enter default judgment against defendants"); *TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) (citing *Mickalis Pawn Shop*, 645 F.3d at 137); *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011) (in determining a default judgment, "the complaint's well-pleaded allegations, accepted as true, must adequately support the [legal claims]"); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."); *but see Greathouse*, 784 F.3d at 118-23 (Korman, J., concurring in part and dissenting in part) (asserting that a defendant's nonappearance requires the entry of default on any non-frivolous claims).

the defendants." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, No. 13 Civ. 3018, 2015 WL 6642681, at *2 (2d Cir. Nov. 2, 2015).

In this case, the Order effectively found in favor of GEICO on the question of liability based on Premier's failure to respond to the Complaint and GEICO's compliance with the procedural requirements of Local Civil Rule 55.2. (Order at 1-2). But, the Court did not formally consider whether GEICO's allegations against Premier stated a plausible cause of action on which relief could be granted. It is not a fatal flaw. "There is no question that a district court has the authority to 'revise[ ]' any non-final order 'at any time before the entry of a judgment.'" *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010) (quoting Fed. R. Civ.P. 54(b)). Here, to that end, the Order granting GEICO's motion for default judgment is vacated and modified to permit consideration of the sufficiency of GEICO's allegations, in light of recent clarification in controlling Second Circuit precedent. Furthermore, given the current posture of the overall lawsuit, that consideration will be had in the context of an inquest as to damages.

## Conclusion

Therefore, the Memorandum and Order dated September 26, 2015, is vacated and modified to the extent that the matter is respectfully referred to Chief Magistrate Judge Steven M. Gold for an inquest as to damages, an assessment as to the plausibility of the claims against Premier that are the subject of the motion by GEICO for default judgment previously granted by the Court, and to make a report and recommendation as to his findings.

So Ordered.

Dated: Brooklyn, New York
       December 9, 2015

/s/ USDJ   VITALIANO

ERIC N. VITALIANO
United States District Judge

3