UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- x
GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY, and GEICO
CASUALTY CO.,

    Plaintiffs,

-against-

PREMIER PROFESSIONAL
SERVICES, LLC and PREMIER
HEALTH SERVICES, LLC,

    Defendants.
---------------------------------------------- x

MEMORANDUM & ORDER

14-CV-5277 (ENV) (SMG)

VITALIANO, D.J.

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO") initiated this action against numerous corporate healthcare providers, their owners, and several physicians, all of whom, GEICO alleges, submitted, or knowingly participated in the submission of, fraudulent New York no-fault insurance claims. (Compl., ECF No. 1). By Memorandum and Order, dated December 9, 2015, this Court referred GEICO's motion for default judgment against defendants Premier Professional Services, LLC and Premier Health Services, LLC (collectively, "Premier"), to Chief Magistrate Judge Steven M. Gold for an assessment of the plausibility of the claims against Premier, an inquest as to any resulting damages, and to make a report and recommendation as to his findings. (Mem. & Order, ECF No. 97). On February 17, 2016, Chief Magistrate Gold issued his report and recommendation (the "R&R"). (R&R, ECF No. 98). With the required notice given, no party has filed objections to the R&R. For the reasons stated below, the R&R is adopted in its entirety as the opinion of the Court.

1

## Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the district court may adopt the report and recommendation, "provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

## Discussion

As discussed in the R&R, Chief Magistrate Judge Gold found that plaintiffs adequately established the defaulting defendants' liability and, for the most part, sufficiently supported their requests for damages and a companion declaratory judgment. He recommended that: (1) the motion for default judgment be granted, (2) judgment be entered against Premier Health Services in the amount of $353,832.96, and against Premier Professional Services in the amount of $147,671.22, in addition to an award of prejudgment interest as described below, and (3) the Court enter a declaratory judgment providing that plaintiffs are not obligated to pay any outstanding fraudulent claims Premier submitted to GEICO for reimbursement. (R&R at 16).

Concerning prejudgment interest, Chief Magistrate Judge Gold noted that plaintiffs "proposed a more conservative calculation method than that allowed under New York law," and he recommended calculating the award in accordance with their preferred method. (R&R at 13). Specifically, GEICO requested prejudgment interest on the following amounts at the rate of 9%

2

per annum accruing from the first day following the year in which the fraudulent payments were made, through the date of entry of judgment:

| Table 1. Premier Health Services, LLC | | |
|---|---|---|
| Amount Paid | Billing Year | Date 9% Interest Begins to Run |
| $3257.25 | 2004 | January 1, 2005 |
| $33,491.69 | 2005 | January 1, 2006 |
| $44,500.41 | 2006 | January 1, 2007 |
| $23,253.46 | 2007 | January 1, 2008 |
| $23,297.04 | 2008 | January 1, 2009 |
| $17,014.71 | 2009 | January 1, 2010 |
| $77,389.43 | 2010 | January 1, 2011 |
| $85,457.73 | 2011 | January 1, 2012 |
| $43,586.24 | 2012 | January 1, 2013 |
| $2585.00 | 2013 | January 1, 2014 |

| Table 2. Premier Professional Services, LLC | | |
|---|---|---|
| Amount Paid | Billing Year | Date 9% Interest Begins to Run |
| $22,045.99 | 2004 | January 1, 2005 |
| $21,746.72 | 2005 | January 1, 2006 |
| $23,904.33 | 2006 | January 1, 2007 |
| $24,142.31 | 2007 | January 1, 2008 |
| $22,053.56 | 2008 | January 1, 2009 |
| $24,480.38 | 2009 | January 1, 2010 |
| $7957.53 | 2010 | January 1, 2011 |
| $1340.40 | 2011 | January 1, 2012 |

The Court has now reviewed the R&R in line with the applicable clear error standard of review, and finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

Conclusion

For the reasons set forth above, GEICO's request for default judgment, including entry of declaratory judgment, is granted. Damages are awarded as set forth in the report and

3

recommendation, and the declaratory judgment provides that plaintiffs are not obligated to pay any outstanding fraudulent claims that Premier submitted to them for reimbursement.

The Clerk of Court is directed to enter judgment for plaintiffs against Premier Health Services in the amount of $353,832.96, and against Premier Professional Services in the amount of $147,671.22, as well as awards of prejudgment interest at a rate of 9% per annum from the dates listed in Tables 1 and 2 above, through the date of entry of judgment in this action.

The Clerk of Court is further directed to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
March 17, 2016

/s/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge